■ Arthur R. Silsdorf, Respondent, v Harry Levine et al., Appellants. —Order, Supreme Court, New York County, entered February 25, 1980, reversed, in the exercise of discretion, and the motion of defendants-appellants to compel answers to interrogatories granted, with costs. This is an action sounding in defamation said to have been uttered by defendants-appellants, centering on the plaintiff's conduct as Mayor of a Long Island community. A first set of interrogatories was properly stricken as unduly burdensome, and with unreasonable and irrelevant questions; we have affirmed that order simultaneously herewith. While that appeal was pending, defendants served a new set of interrogatories tailored to correct the objections to the first set in that it deals in specifics, within reasonable bounds, naming names, and not violative of the attorney-client privilege. This second set comes before us on appeal from defendants' motion to compel answers to the new interrogatories. Plaintiff never sought a protective order and, indeed, attempted to answer the new set of questions, thus seemingly indicating that he found no fault with them. Having, up to the motion being made, not done anything by way of dissent, he may not complain at this late date, and he must now answer. Special Term's denial of this motion while the first appeal was pending undecided was without prejudice to later renewal. We see no point in sending this back for another motion and further delay, which we obviate by now granting the motion to compel answers. Concur—Kupferman, J. P., Birns, Markewich and Bloom, JJ.